UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN BRAMLETT,

    Plaintiff,

v.                                    Case No:  6:25-cv-1289-JSS-DCI

SHERIFF WAYNE IVEY and
ARAMARK CORPORATION,

    Defendants.
_____/

**ORDER**

On July 11, 2025, Plaintiff filed a document titled "W.A.H.P. 1 Kill-Civil Motion for Declaratory, Injunctive, and Monetary Relief Under 42 U.S.C. § 1983." (Dkt. 1.)  Plaintiff has neither paid the filing fee nor moved to proceed in forma pauperis.

Plaintiff summarily requests, among other things, a temporary restraining order directing the replacement of jail staff.  (*See id.* at 8.)  A court's issuance of a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).  A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict

on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).  Further, Plaintiff must comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65 in drafting a motion for temporary restraining order, which govern the court's decision as to whether an injunction shall issue.  Plaintiff has not filed a motion for a temporary restraining order or an affidavit or other evidence demonstrating an entitlement to relief.  (*See* Dkt. 1.)  *See* M.D. Fla. R. 6.01(a)(2), (a)(6).  Thus, Plaintiff has not complied with Local Rule 6.01 in seeking a temporary restraining order, and so his request is denied.

It appears Plaintiff is attempting to initiate a civil rights action.  (*See* Dkt. 1.)  If so, Plaintiff must file a complaint in accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 3, 8, 10, 11.  Further, Plaintiff did not use the required prisoner civil rights form to initiate this action.  *See* M.D. Fla. R. 6.04(a)(3) (requiring pro se plaintiff prisoners to use the standard form to file a civil complaint).  The prisoner civil rights complaint form and the Federal Rules of Civil Procedure require a complaint to contain a brief and concise statement of each claim raised and the basis for the claims against each named defendant.  *See* Fed. R. Civ. P. 8.  Plaintiff must provide his litigation history on the prisoner civil rights complaint form.  Accordingly, this case will be dismissed without prejudice to allow Plaintiff an opportunity to properly file a civil rights complaint on the required form and to either pay the filing fee or submit an affidavit of indigency.

- 3 -

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

3. The Clerk is **FURTHER DIRECTED** to mail Plaintiff an affidavit of indigency form and a prisoner civil rights complaint form. If Plaintiff chooses to file a civil rights complaint, he must complete and submit those forms. Plaintiff should not place the instant case number on the forms as the Clerk will assign a new case number in the event Plaintiff chooses to pursue an action.

**ORDERED** in Orlando, Florida, on July 15, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party